IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                 No. CR 98-0815 JC

JON BARTON JACOB,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING RECUSAL

THIS MATTER came on for consideration of a pleading filed by the *pro se* defendant entitled "Recusal of Assigned Trial Judge John Conway" *(Doc. 6)*. The Court has liberally construed the pleading as a motion to recuse pursuant to 28 U.S.C. § 455. The Court finds that because Defendant has failed to assert sufficient grounds for my recusal, no responsive memorandum need be filed by the government.

Defendant Jacob argues that I should recuse from this criminal case due to my "previous dealings" with him in other matters filed in this Court. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." However, a judge has an equally compelling duty not to recuse when there is no legitimate reason for him to do so. See United States v. Greenspan, 26 F.3d 1001, 1005 (10th Cir. 1994). As the Tenth Circuit has noted, "[t]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

The standard for recusal is an objective one–whether a reasonable person aware of all the relevant facts would harbor doubts as to the judge's impartiality. Jacob asserts that my previous rulings against him in civil matters, especially a ruling involving sanctions which was upheld by the Tenth Circuit, demonstrate that I am prejudiced against him and cannot provide him with a fair and impartial trial.

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S. at 583. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540, 555 (1994). Because opinions held by judges as result of what they learned in earlier proceedings are not "bias" or "prejudice" requiring recusal, it is normal and proper for a judge to preside in the same case upon remand and successive trials involving the same defendant. Id. Having failed to raise a sufficient basis for my recusal, the Court declines to recuse in the present matter.

**IT IS SO ORDERED.**

DATED this 11th day of December, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**