# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            Criminal No. 98-0815 JC

JON BARTON JACOB,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of numerous motions filed by the defendant. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motions are without merit and will be denied.

Defendant Jon Barton Jacob has been charged by grand jury indictment with five counts of attempting to evade or defeat income tax in violation of 26 U.S.C. § 7201. The defendant's motions seem to fall into three basic categories--discovery requests, attacks on the sufficiency of the indictment, and attacks on the authority of the United States to investigate and bring criminal charges against him.

### Discovery Motions

    *Doc.  9*     *MOTION for Discovery*
    *Doc. 23*    *MOTION to Compel Discovery*
    *Doc. 17*    *MOTION for Rule 6 Grand Jury Information*

The Court entered its standing criminal discovery order in this matter on December 3, 1998. The order adequately sets forth the discovery obligations of the government pursuant to Rule 16 and

appropriate case law. The government has responded with particularity to Defendant's discovery requests. I agree with the government's evaluation of the extent to which it is obligated to provide the requested discovery and will, therefore, deny the above motions.

Finally, Defendant fails to demonstrate "a particularized need" warranting disclosure of the grand jury transcript at this time. Rather, he makes vague and generalized allegations regarding unfairness and grand jury abuses. Indeed, the nebulous allegations are so speculative that the Court sees no reason to examine the grand jury transcript *in camera* at this juncture.

### Sufficiency of the Indictment

*Doc. 11*   *MOTION for a Bill of Particulars*
*Doc. 14*   *MOTION to Dismiss Due to Failure to State Statute*
            *Making Accused Subject to Any Tax*
*Doc. 33*   *MOTION for Order re Demand for Statute Imposing*
            *Tax*

Because the indictment cites only to 26 U.S.C. § 7201, Defendant contends that he is deprived of sufficient information as to the charges against him. Specifically, Jacob asserts that an indictment for evasion of taxes must designate the statutory section which imposes the tax which the defendant is accused of having evaded. I am unaware of any case in which the indictment was dismissed on such grounds.

As the Tenth Circuit has noted, "internal revenue laws are complicated but clear enough to give notice of the duty of American citizens to pay taxes on their earnings and investment income unless the income falls within specific statutory exemptions." United States v. Scott, 37 F.3d 1564, 1583 (10th Cir. 1994). The Court finds that the indictment's reference to § 7201, the penalty

provision for evasion of taxes,[1] is sufficient to withstand dismissal and sufficiently informs the defendant of the charges against him.

### Authority of the United States to Prosecute

*Doc. 15*  *MOTION to Dismiss Due to Lack of Delegated Authority*
*Doc. 16*  *MOTION to Dismiss Due to Lack of In Personam Jurisdiction*
*Doc. 18*  *MOTION for Order re Registration of Foreign Agents*
*Doc. 24*  *28 U.S.C. 2201 Declaratory Judgment of Citizenship Origin*

As an initial matter, Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment be signed by an "attorney for the government." An authorized assistant of a United States Attorney falls within this category. See FED. R. CRIM. P. 54(c). Thus, the signature of Assistant United States Attorney Tara Neda is not fatal to the indictment.

Mr. Jacob has raised the remaining arguments before the Tenth Circuit in previous civil lawsuits and in the denied Application for Writ of Mandamus in the present criminal action. The Tenth Circuit has characterized the arguments as "tax protester litany: He is his own sovereign; he is not subject to the laws of the United States; the United States is a foreign state without power to assess penalties and interest or to impose liens against his property." Jacob v. United States, No. 94-2127, 1995 WL 18238, at *2 (10th Cir. January 5, 1995). I can only agree with this assessment and reject such arguments as lacking in legal merit and patently frivolous.

---

[1] Section 7201 of Title 26 provides as follows:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to any other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 . . ., or imprisoned not more than 5 years, or both, together with the costs of prosecution.

It is important that Mr. Jacob understand that his frivolous tax protester arguments are purely legal in nature and will not support a viable defense at trial. Further, Mr. Jacob needs to realize that these frivolous issues have now been addressed and that he has preserved them for appellate purposes. Having found these arguments meritless, the defendant is not free to raise them again and again in this criminal matter.

In December 1998, Magistrate Judge Garcia held a hearing and determined that Defendant Jacob has knowingly and voluntarily waived his right to counsel and to standby counsel. The Supreme Court discussed the constitutional right to self representation in Faretta v. California, 422 U.S. 806, 834 (1975).

> It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts. But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. To force a lawyer on a defendant can only lead him to believe that the law contrives against him.

Id. at 834. Mr. Jacob's constitutional right of self-representation is not absolute, however.

> The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'

Id. at 834, n.46. Finally, Mr. Jacob is reminded that a "trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct, or appoint standby counsel, over the defendant's objection, to assist the defendant if his self-representation is terminated." United States v. Flewitt, 874 F.2d 669, 674 (9th Cir.1989); see also, United States v. McKinley, 58 F.3d 1475, 1481 (10th Cir. 1995).

Wherefore,

IT IS HEREBY ORDERED that the following motions are **denied**:

| | |
|---|---|
| *Doc. 9* | *MOTION for Discovery* |
| *Doc. 11* | *MOTION for a Bill of Particulars* |
| *Doc. 14* | *MOTION to Dismiss Due to Failure to State Statute Making Accused Subject to Any Tax* |
| *Doc. 15* | *MOTION to Dismiss Due to Lack of Delegated Authority* |
| *Doc. 16* | *MOTION to Dismiss Due to Lack of In Personam Jurisdiction* |
| *Doc. 17* | *MOTION for Rule 6 Grand Jury Information* |
| *Doc. 18* | *MOTION for Order re Registration of Foreign Agents* |
| *Doc. 23* | *MOTION to Compel Discovery* |
| *Doc. 24* | *28 U.S.C. 2201 Declaratory Judgment of Citizenship Origin* |
| *Doc. 33* | *MOTION for Order re Demand for Statute Imposing Tax* |

DATED this 8th day of March, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff: Laura Fashing, AUSA
U. S. Attorney's Office
District of New Mexico
Albuquerque, New Mexico

For Defendant: Jon Barton Jacob, Appearing Pro Se
Albuquerque, New Mexico